UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN GERVASIO,

                              Plaintiff,

       v.                                         9:20-CV-0346
                                                        (TJM/DJS)

RICARDO DIAZ, et al.,

                              Defendants.
_____

APPEARANCES:

KEVIN GERVASIO
18-A-2536
Plaintiff, pro se
Downstate Correctional Facility
Box F
Fishkill, NY 12524


THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

### I.  INTRODUCTION

Pro se plaintiff Kevin Gervasio commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis and a motion for appointment of counsel.  Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application");[1] Dkt. No. 3 ("Motion for Counsel").

By Decision and Order dated April 29, 2020, plaintiff's IFP Application was granted,

---

[1] Plaintiff's initial application to proceed in forma pauperis was denied as incomplete and this action was administratively closed. Dkt. No. 4. Plaintiff then filed his IFP Application, and the action was re-opened. Dkt. Nos. 6, 7.

and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the New York State Parole Office, and plaintiff's claims against this agency, were dismissed, and the Court directed service and a response for the claims against defendants Diaz and Rosa that survived sua sponte review.  Dkt. No. 9 ("April 2020 Order").  The Court also denied plaintiff's Motion for Counsel without prejudice to renew at a later stage of the proceeding.  *Id*. at 10, 12.

Presently before the Court is plaintiff's motion for reconsideration of the April 2020 Order insofar as that Order denied plaintiff's motion for appointment of counsel.  Dkt. No. 15 ("Motion for Reconsideration").

## II.   MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[2]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

---

[2] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

Plaintiff does not suggest that there has been an intervening change in the controlling law. Rather, liberally construed, plaintiff seeks reconsideration based on new information not previously considered by the Court, and to prevent manifest injustice.

More specifically, plaintiff argues that reconsideration is appropriate because (1) he has attempted to independently obtain counsel on his own, to no avail, (2) he "believe[s] [his] claim is of substance, and is very complex[,]" and (3) he has a learning disability that will hinder his ability to present his case. *See* Motion for Reconsideration. Plaintiff has also attached documents to his Motion for Reconsideration showing his efforts to obtain counsel, as well as documents that he believes support the merits of his claim. *See* Dkt. Nos 15-1, 15-2, 15-3.

Upon a review of the relevant law and its application to the facts of this case, and taking the new information submitted by plaintiff into consideration, the Court concludes that its previous decision remains correct and did not work a manifest injustice.

As noted in the April 2020 Order, even if the Court were to assume that this case may be of substance, at this stage of the proceeding, the dispute is limited to plaintiff's Fourth Amendment claim arising out of discrete events that occurred on or about December 3, 2019. *See* April 2020 Order at 10. While plaintiff argues that the dispute involves complex issues and that he will have difficulty presenting his case in light of his learning disability, the Court has no basis to reach the same conclusions at this time.

Moreover, should one or more defendants answer the complaint, a Mandatory Pretrial Scheduling Order shall issue, which will direct the exchange of initial disclosures and likely help plaintiff frame the issues in the case and investigate the "crucial facts" without the need for counsel. Additionally, if this case proceeds to trial, it is highly probable that this Court will

appoint trial counsel at the final pretrial conference. The Court is still not aware of any special reason why appointment of counsel at this early stage of the proceeding would be more likely to lead to a just determination of this litigation.

Accordingly, plaintiff's motion for partial reconsideration of the April 2020 Order is denied.[3]

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for partial reconsideration of the April 2020 Order (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff and counsel for the defendants.

**IT IS SO ORDERED.**

Dated: June 29, 2020
         Binghamton, NY

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] As noted in the April 2020 Order, plaintiff may file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the relevant factors governing appointment of counsel warrants granting the application.