**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEVIN GERVASIO,

                         Plaintiff,

    - v -                                       Civ. No. 9:20-CV-346
                                                    (TJM/DJS)

RICARDO DIAZ and ALEXANDER ROSA,

                        Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

KEVIN GERVASIO
Plaintiff, *Pro Se*
686 6th Ave
Troy, New York 12182

HON. LETITIA JAMES                        NICHOLAS L. ZAPP, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff Kevin Gervasio brought this action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights, specifically that they used excessive force against him. Dkt. No. 1, Compl. On initial review of the Complaint, the District Court dismissed a claim against the "New York State Parole Office" on Eleventh Amendment immunity grounds, but permitted the excessive force claims against the

individual Defendants to proceed. Dkt. No. 9 at pp. 6-9. Defendants now move to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim. Dkt. No. 20. Plaintiff opposes the Motion. Dkt. No. 22. Defendants have filed a Reply. Dkt. No. 25. For the reasons set forth below, the Court recommends that Defendants' Motion be denied.

## I. BACKGROUND

The Complaint alleges that on December 3, 2019 Plaintiff reported for a "weekly report" with his parole officer, Defendant Diaz. Compl. at pp. 2 & 7. Upon reporting, he claims, without explanation for his arrest, that he was handcuffed and taken to an intake area at the Rensselaer County Correctional Facility. *Id.* He further alleges that during the escort to the intake area Defendants used unnecessary force which included bending his hand backward, kicking him in the leg, jumping on and taking him to the ground, kicking him again, and striking him in the back of the head. *Id.* at pp. 2 & 7. He alleges he sustained an injury to his hand as a result. *Id.* at p. 7. He seeks monetary damages and injunctive relief. *Id.* at pp. 4 & 9.

## II. LEGAL STANDARD ON A MOTION TO DISMISS

On a motion to dismiss under FED. R. CIV. P. 12(b)(6) the Court takes "all factual allegations in the complaint as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017). A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 697 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 440 U.S. at 555). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. at 679-80. Where, as here, the Plaintiff proceeds *pro se*, his papers should be liberally construed to raise the strongest claims they may read to present. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990).

### III. DISCUSSION

"[A] parolee's claim that he was subjected to excessive force in the course of an arrest for a parole violation arises under the Fourth Amendment." *Cox v. Fischer*, 248 F. Supp. 3d 471, 479 (S.D.N.Y. 2017). Such claims are analyzed under a reasonableness standard. *Rose v. City of Utica*, 2015 WL 13852450, at *3 (N.D.N.Y. Dec. 2, 2015). "A determination of reasonableness under the Fourth Amendment 'requires a careful

balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'"  *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  This analysis "requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest."  *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000).

      At this stage of the proceedings, we have only Plaintiff's allegations which, when liberally construed, raise allegations sufficient to warrant a response from Defendants.  The Complaint alleges that when Plaintiff appeared for a weekly report with parole officials he was handcuffed, kicked in the leg, jumped on and taken to the ground, kicked again, and struck in the back of the head.  Compl. at pp. 2 & 7.  He alleges he sustained an injury to his hand as a result.  *Id.* at p. 7.  He further alleges that the use of force was not necessary.  *Id.*  Defendants seek dismissal arguing that the Complaint provides "sparse details."  Dkt. No. 20-1, Defs.' Mem. of Law at p. 4.  While the Complaint itself is brief, it alleges that specific force was used against Plaintiff on a specific date by specific individuals in a specific location.  FED. R. CIV. P. 8(a)(2) requires "a short and plain statement of the claim."  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense."  *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).  The Complaint, despite its brevity, clearly meets this standard.

Defendants also specifically seek dismissal of Plaintiff's allegations regarding the use of handcuffs. Defs.' Mem. of Law at pp. 4-5. "In addressing the reasonableness of the handcuffing of an arrestee, courts consider the minimal amount of force necessary to maintain custody of the arrestee." *Bratton v. New York State Div. of Parole*, 2008 WL 1766744, at *9 (N.D.N.Y. Apr. 14, 2008). In support of their Motion, Defendants cite this Court's prior opinion in *Mason v. Moore*, but that opinion found that Plaintiff's allegations regarding handcuffing were sufficient to satisfy the objective prong of an Eighth Amendment claim regarding handcuffing because "overly tight handcuffing may constitute excessive force." *Mason v. Moore*, 2018 WL 2465384, at *3 (N.D.N.Y. May 8, 2018), *report and recommendation adopted*, 2018 WL 2464449 (N.D.N.Y. June 1, 2018) (quoting *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 213 (N.D.N.Y. 2015)). Defendants citation to *Acevedo v. Ross*, 2019 WL 343246 (E.D.N.Y. Jan. 28, 2019), Defs'. Reply at p. 2, also offers no support to their Motion. There, in contrast to the allegations put forth in this Complaint, the Court found dismissal appropriate because "plaintiff does not make allegations showing that arresting officers used any significant force," alleging simply that the mere use of handcuffs constituted excessive force. *Id.* at * 4. Here, as in *Mason*, the Complaint, though brief, sufficiently alleges a cognizable injury.

On a developed record following discovery, Defendants may well be able to establish that the alleged use of force did not occur or that it was reasonable under the circumstances in light of the relevant legal factors. *See Graham v. Connor*, 490 U.S. at

5

396. At this point, the Court recommends only that the allegations in the Complaint be found sufficient to require an answer and to permit the parties to conduct discovery.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 20) be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[1] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 28, 2020
   Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

6